# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0379V
Filed: January 27, 2020
Unpublished

| | |
|---|---|
| ERICA WINEBRENNER on behalf of her deceased minor child, S.W., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner <br><br> Petitioner's Motion for Decision Dismissing Petition; Prevnar; Hib; Rotavirus; Sudden Infant Death Syndrome; SIDS |

*Andrew Downing, Van Cott & Talamante, PLLC Phoenix, AZ, for petitioner.*
*Catherine Stolar, U.S. Department of Justice, Washington, DC, for respondent.*

## DISMISSAL DECISION[1]

On March 12, 2019, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012) on behalf of her minor child, S.W., alleging that the Pediarix, Prevnar, Hib, and Rotavirus vaccines he received on March 14, 2017 caused his death. (ECF No. 1.) S.W. was born on January 17, 2017. At his two-month check up he received his two-month vaccines which included Pediarix, Hib, Prevnar, and Rotavirus. (ECF No. 1.) The petition alleges that once home from receiving his vaccines, S.W. was lethargic and would not not eat. (*Id*. at 2.) The next morning, S.W. was unresponsive, and an ambulance was called. (*Id*. at 3.) At the hospital, S.W. was pronounced dead. (*Id*.) The ER physician listed the cause of death as "cardiac-respiratory arrest/SIDS" while the coroner indicated the cause of death to be "undetermined." (Ex. 3, p. 170; Ex. 5, p. 1.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

I.     **Procedural History**

Petitioner filed medical records to support her claim and a statement of completion on March 22, 2019. (ECF. No. 7.) On July 22, 2019, respondent filed a Rule 4(c) report recommending against compensation. (ECF No. 13.) Subsequently, this case was reassigned to me on August 26, 2019. (ECF No. 14.) On September 3, 2019, I ordered petitioner to file an Expert Report to support her claim, but on December 19, 2019, petitioner filed a motion to amend the schedule and later, on January 20, 2020, filed a motion for a decision dismissing her petition. (ECF Nos. 21, 22.)

Petitioner indicated that the neuropathologist retained to opine in this case decided not to produce an expert report due to the Federal Circuit's ruling in *Boatmon v. Sec'y of Health & Human Servs.*, 941 F.3d 1351 (Fed. Cir. 2019), which issued subsequent to the filing of this case. (ECF No. 21.) Petitioner's expert was prepared to opine that vaccination, in conjunction with a defective medullary serotoninergic network, was a significant contributing factor to S.W.'s death based on the Triple Risk Theory. (ECF No. 22, p. 2.) However, in *Boatmon*, the Federal Circuit held that it was unreasonable to extend the Triple Risk Theory to vaccination. *Boatmon*, 941 F.3d at 1360-63. Despite feeling strongly about the merits of her claim, in light of the decision in *Boatmon*, petitioner determined that she cannot meet her burden of proof.[2] (ECF No. 22, p. 3.)

II.    **Discussion**

To receive compensation in the Vaccine Program, petitioner must prove either (1) that S.W. suffered a "Table Injury" (*i.e.*, an injury falling within the Vaccine Injury Table) corresponding to a covered vaccine, or (2) that S.W. suffered an injury that was actually caused by a covered vaccine.   *See* §§ 13(a)(1)(A) and 11(c)(1).   To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."   *Althen v. Sec'y of Health and Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).   A special master may not rule for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1).

In this case, examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."   Further, S.W.'s medical records do not provide preponderant evidence supporting petitioner's allegations of an injury caused-in-fact by S.W.'s vaccinations. Nor did petitioner file an expert opinion to support the claim.

---

[2] In her motion, petitioner confirms that "[p]etitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." (*Id.*)

### III.     Conclusion

Petitioner's motion for decision denying compensation is **GRANTED** and this petition is **DISMISSED** for failure to establish a *prima facie* case of entitlement to compensation. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.